UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

Bio-Rad Laboratories, Inc.,

    Plaintiff,

v.

Eppendorf North America, Inc.,

    Defendant.

Civil File No. 2:07-cv-281-LED

**MOTION TO DISMISS UNDER RULE 12(B)(3) FOR IMPROPER VENUE**

## MOTION

Defendant Eppendorf North America, Inc. ("ENA") hereby moves under Fed. R. Civ. Pro. 12(b)(3) to dismiss this case as improperly venued in this District. Venue is improper because ENA does not "reside" in this District, as required by 28 U.S.C. § 1400(b) and defined in 28 U.S.C. § 1391(c). Accordingly, venue is improper, and 28 U.S.C. § 1406(a) requires that the Court "shall dismiss, or if it be in the interest of justice, transfer" this case.

This motion is based on the attached Brief in Support and the accompanying declaration of Christoph Asschenfeldt.

# BRIEF IN SUPPORT OF MOTION

I. **Background**

    A. **The Allegations**

Plaintiff Bio-Rad Laboratories, Inc. ("Bio-Rad") is the owner of United States Patent 6,340,589 ("the '589 patent). Bio-Rad alleges in this lawsuit that Defendant ENA infringes its patent by selling "thin-well microplates in at least their twin.tec products." Complaint at ¶ 9. Bio-Rad alleges that venue is proper in this District because "Defendant has regularly conducted business in this judicial district, and . . . . Defendant offers to sell and sells the accused products in this judicial district." Id. at ¶ 5.

    B. **ENA's Contacts with the Eastern District of Texas**

In fact, after a diligent inquiry by ENA it appears that the only sales of the accused products in the Eastern District of Texas occurred very recently, in conjunction with the filing of this lawsuit, and originated in a zip code in Plano, Texas where the plaintiff Bio-Rad maintains a place of business. [See Declaration of Christoph Asschenfeldt in Support of Defendant's Motion to Dismiss, at ¶¶ 3-5 (hereinafter referred to as the "Asschenfeldt Dec.")]. Notably, these sales were made by independent distributors and not by ENA, and thus far these companies have failed to provide sufficient information on the identity of the particular customer or customers making the purchases in question, and one has refused to cooperate altogether with ENA's requests. Id.

As explained in the accompanying declaration from ENA's Vice President of Finance, both the timing and the quantity of these purchases are unusual. The accused

twin.tec products are generally sold at a premium in comparison with other microtiter plates, and are designed for use primarily in automated laboratories. [See Asschenfeldt Dec. at ¶ 5]. As such, these products are typically purchased in larger volumes by academic, pharmaceutical and biotech customers with more significant operating budgets, and there are currently no interested facilities of this kind in the Eastern District of Texas to ENA's knowledge. Id. Consistent with this understanding, as of May 2007 none of the accused products had been sold in the District. Id. at ¶ 3.

The more recent and very limited sales in question, totaling $386 in June and another $125 in July, conveniently coincide with the termination of business discussions between the parties relating to this technology and the filing of the instant lawsuit. Id. In any event the sales in question were made by independent distributors, not ENA, and represent a minute fraction of twin.tec sales overall through June of 2007, on the order of 0.02% (two hundredths of one percent). Id.

ENA also has very few other contacts with this District. ENA is a sales and marketing subsidiary of Eppendorf AG, a German company, and is incorporated under the laws of Delaware. Complaint at ¶ 2. ENA's principal place of business is in Westbury, Long Island in New York State. Id. Notably, ENA's only registered agent for accepting service of process in Texas is located in Kerrville. See id. The Court may take judicial notice that Kerrville is the county seat of Kerr County, and Kerr County is located in the San Antonio Division of the Western District of Texas. See 28 U.S.C. § 124(d)(4). ENA has no registered agent for accepting service in this District.

In addition to higher-end laboratory equipment such as thermal cyclers and sequencers, ENA also sells a wide variety of other biological laboratory equipment and supplies. All of ENA's advertising activities are national, including its internet and print advertising, and ENA does not advertise its products locally in the Eastern District of Texas. [Asschenfeldt Dec. at ¶ 6]. Corresponding product information is available on the company's website at www.eppendorf.com. Significantly, however, none of these products can be ordered or purchased through the website. Id. Rather, the products are sold either directly through ENA sales representatives or indirectly through distributors such as VWR International and Thermo Fisher Scientific. Id.

Although ENA does sell a very modest amount of these other unrelated products in the Eastern District, they represent a very small fraction of ENA's sales activity. As of June 2007 ENA sold approximately $93,166 worth of products in the Eastern District for the year, and historically ENA's sales in the Eastern District have never been more than $200,000 per year. [Asschenfeldt Dec. at ¶ 6]. In 2005, for example, the sales in the Eastern District of Texas represented less than three percent (3%) of ENA's sales in Texas, and still further less than fifteen-one-hundredths of one percent (0.15%) of ENA's overall sales in the United States. Id.

ENA employs one individual, a field service technician hired in May of this year, who happens to live in Orange, Texas, within the Eastern District. [Asschenfeldt Dec. at ¶ 9]. Notably, ENA employs only seven such field service representatives across the entire Unites States and thus this particular representative's territory encompasses the entire South Central United States. To date, this technician has serviced only one

customer in the State of Texas, located in College Station. Id. Id. There are five other ENA employees residing in the State of Texas, but none in the Eastern District.

## II. Argument

### A. Legal Standards

Upon motion, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In other words, dismissal or transfer is mandatory—not discretionary—when venue is improper and objected to.

Venue in cases, such as this one, that arise under the patent laws are governed by 28 U.S.C. § 1400(b), which states:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Thus, venue is proper in this case only if ENA either: (1) "resides" in this District; or (2) committed acts of infringement here and has a regular and established place of business here. See VE Holdings v. Johnson Gas App. Co., 917 F.2d 1574, 1577-78 (Fed. Cir. 1990). Because this issue involves personal jurisdiction in patent cases and interpreting the patent venue statue, Federal Circuit law governs this issue. See Silent Drive Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003).

5

### B.  Venue is Improper in the Eastern District of Texas

Venue is improper in this District because neither of the alternative bases for patent venue under § 1400(b) is met in this case.  First, ENA does not "reside" in the Eastern District because the Eastern District would not have personal jurisdiction over ENA if the Eastern District were a separate state.  Second, ENA does not have a regular and established place of business in the Eastern District, and, in any event, the *de minimus* sales of allegedly infringing products in this district to date were made by independent distributors and may have originated from the plaintiff.  Limited discovery will be needed to determine whether the twin.tec purchaser(s) in Plano, Texas are actually related to Bio-Rad, since one of the distributors in question has refused to cooperate with ENA's information requests.

### 1.  ENA does not Reside in the Eastern District of Texas

The standard for determining whether a corporate defendant "resides" in a judicial district under § 1400(b) is set forth in the basic venue statute, 28 U.S.C. 1391(c).  See, e.g., VE Holdings, 917 F.2d at 1583.  In states, such as Texas, with more than one judicial district, a corporation is "deemed to reside in any district in that State within

which its contacts would be sufficient to subject it to personal jurisdiction."[1] 28 U.S.C. § 1391(c); Greenwalt v. Pride Mobility Products Corp., 2006 WL 3447634, *1 (E.D. Tex. 2006 (Davis, J.). Accordingly, ENA "resides" in the Eastern District of Texas only if it has sufficient contacts with this *district* such that it would be subject to personal jurisdiction if this district were a separate state. In other words, venue is proper only if ENA's contacts with this district are enough, by themselves, to support personal jurisdiction here.

ENA's contacts with the Eastern District of Texas would not be sufficient to subject it to personal jurisdiction here if this district were a separate state. There are two kinds of personal jurisdiction: specific and general. Specific personal jurisdiction exists where "the litigation arises out of the defendant's minimum contacts with the forum." AdvanceMe Inc. v. RapidPay LLC, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006) (citing Burger King Corp v. Rudzewic, 417 U.S. 462, 472-73 (1985). If the cause of action does not arise from the defendant's contacts with the forum, however, a court may nonetheless exercise general personal jurisdiction if "the defendant maintains continuous and systematic contacts" with the forum. Id. (citing LSI Indus. Inc. v. Hubbell Lighting, Inc.,

---

[1] As the Federal Circuit has noted, "this test is narrower than allowing venue wherever a corporate defendant could be served." VE Holdings, 917 F.2d at 1583. This is because a corporation may be served in any *state* in which it is subject to personal jurisdiction; even in that state, however, venue is improper in those *districts* in which the corporation would not be subject to personal jurisdiction if the district were a separate state. In this case, for instance, ENA does not dispute that this Court may exercise personal jurisdiction over it (because it has sufficient contacts with the state of Texas as a whole), but submits that venue in this district is improper because it does not have sufficient contacts with this particular district.

232 F.3d 1369, 1375 (Fed. Cir. 2000)). Neither specific nor general personal jurisdiction exists here.

### a. No Specific Personal Jurisdiction

Specific jurisdiction is lacking because ENA has no contacts with the Eastern District that relate to this lawsuit. As noted above, ENA has never directly sold any of the allegedly infringing products within this district, nor has it directly offered to sell them to any particular person or entity in this District. Although ENA does have minimal sales of other laboratory products in this District, there is no allegation that those products infringe Bio-Rad's patent. Similarly, the single ENA employee who resides in this District is a Field Service Technician who does not sell or offer to sell the accused products, and whose only service call to date in Texas was in College Station. The primary focus of this individual is on serving larger accounts with regard to products other than those accused of infringing. Finally, although ENA does operate a website that is accessible from this District, ENA does not sell products through that website. So there is no argument that ENA has used its website to purposefully advance any allegedly infringing activities in this District. Thus, whatever contacts ENA does have with this District are not related to this lawsuit, and there is no basis for exercising specific personal jurisdiction.

As noted above, two of ENA's distributors sold a minimal number of twin.tec plates in this District for the first time shortly before this lawsuit commenced. Total sales of twin.tec plates through June 2007 in this District amount to $386, representing just 0.02% of twin.tec sales overall. These random, fortuitous, and attenuated contacts with

the Eastern District do not support a finding of specific jurisdiction.  See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  Moreover, these sales appear to have been manufactured by Bio-Rad.  As the Court is well aware, a plaintiff may not manufacture personal jurisdiction by its own unilateral acts.  Id. (noting that the "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result . . . of the 'unilateral activity of another party or a third person'"); see also, e.g., McGill Tech. v. Gourmet Techs., 300 F. Supp. 2d 501, 506 (E.D. Mich. 2004) (holding, in a patent case, that "a defendant's contacts with the forum state that were manufactured by the unilateral acts of a plaintiff are disregarded for personal jurisdiction purposes").  Since one of the distributors making these sales has refused to cooperate with ENA's information requests, limited discovery of Bio-Rad will be required in order to determine their involvement in these sales.

In any event, finding that these manufactured contacts create personal jurisdiction would offend the "traditional notions of fair play and substantial justice" incorporated into the Due Process Clause.  The injury Bio-Rad alleges is patent infringement, and the only alleged infringement of the asserted patent that has occurred in this District may have been arranged by Bio-Rad itself.  In other words, the plaintiff Bio-Rad may have created the very harm it alleges.  That is not "fair play."  This forum has no interest in encouraging plaintiffs to create their own injuries by purchasing allegedly infringing products for the sole purpose of manufacturing personal jurisdiction over a defendant.

### b. No General Personal Jurisdiction

ENA does have some contacts with the Eastern District. They are a long way, however, from the "continuous and systematic" contacts required to support general personal jurisdiction. These kinds of contacts must be "extensive enough" to subject a party to suit "even when the cause of action has no relationship with those contacts." Silent Drive, 326 F.3d at 1200.

ENA's minimal sales of indisputably non-infringing products are not "extensive enough" to justify allowing ENA to be sued in this District for anything it does anywhere. Indeed, Bio-Rad does not allege in its venue or personal allegations that this court may exercise general personal jurisdiction over ENA. Complaint at ¶¶ 3-4. ENA has never sold more than $200,000 worth of products in this district, and its sales in this District account for approximately fifteen one-hundredths of one percent (0.15%) of its total sales. Many courts have found general jurisdiction lacking under similar factual circumstances. See, e.g., J.L. Chieftan, Inc. v. Western Skyways, Inc., 351 F. Supp. 2d 587, ___ (E.D. Tex. 2004) (finding no general personal jurisdiction despite yearly gross sales in forum that accounted for 7.14% of defendant's total sales); Premium Balloon Accessories, Inc. v. Contorl Plastics, 113 Fed. Appx. 50 (6th Cir. 2004) (no personal jurisdiction where sales in forum were just 0.30% of total sales and no purchases were possible over the internet); ESAB Group v. Centricut, Inc., 126 F.3d 617 (4th Cir. 1997) (finding no general jurisdiction where sales in forum were just one-tenth of one percent (0.10%) of defendant's total sales); Hockerson-Halberstadt, Inc. v. PropetUSA, Inc., 62 Fed. Appx. 322, 337 (Fed. Cir. 2002) (no general jurisdiction where sales in forum were

.00008% of total sales); Injen Tech. Co. v. Adv. Engine Mgmt., 270 F. Supp. 2d 1189, 1194 (S.D. Cal 2003) (no general jurisdiction where sales in forum were less than 2% of defendant's total sales); Molnlycke Health Care AB v. Dumex Med. Surgical Prods., 64 F. Supp. 2d 448, 452 (E.D. Pa. 1999) (holding that it was "impossible" to find general jurisdiction where defendant's sales in district were less than 1% of its total sales); Stairmaster Sports/Med. Prods. Inc. v. Pac. Fitness Corp., 917 F. Supp. 1049, 1053 (W.D. Wash. 1994) (no general jurisdiction where defendant's sales in forum were 3% of total sales).

Accordingly, ENA's contacts with this District do not rise to the "continuous and systematic" level required to support of a finding of general personal jurisdiction.

### 2. ENA Has Not Committed Any Allegedly Infringing Acts in this District, Nor Does it Maintain a Regular and Established Place of Business Here

Under the patent venue statute, a plaintiff may also establish venue where "the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). This requirement is stated in the conjunctive, meaning that Bio-Rad must show *both* acts of infringement *and* that ENA maintains a regular and established place of business in the Eastern District.

Bio-Rad can show neither. First, as discussed above, Bio-Rad cannot show acts of infringement in the Eastern District because ENA has not directly sold or offered to sell any of the accused products in this District, and the *de minimus* sales made by its independent distributors may have originated from Bio-Rad. Second, Bio-Rad certainly cannot show that ENA maintains a regular and established place of business in the

Eastern District. Nor did Bio-Rad include any such allegation in its complaint. Accordingly, Bio-Rad cannot establish venue under the second clause of § 1400(b).

### C. The Interests of Justice Would be Served Best By a Transfer

As noted above, dismissal or transfer is mandatory where, as here, venue is improper and timely objected to. 28 U.S.C. § 1406(a). ENA suggests that the interests of justice would best be served by a transfer of the instant case to the Northern District of California, where ENA intends to pursue a related declaratory judgment against Bio-Rad with respect to the same patent.

Since Bio-Rad is headquartered north of San Francisco in Hercules, California, it would obviously not be inconvenienced by a transfer of the instant case to its home judicial district. Presumably, many of Bio-Rad's documents and witnesses are readily available in its home district, and its litigation attorneys are located there as well, and hence such a transfer would actually be likely to facilitate the convenience of the parties. As such, there would be no prejudice to Bio-Rad in transferring the present case to the Northern District of California. Further, there is a much more significant nexus between the instant case and the Northern District of California than is present with respect to the Eastern District of Texas.

Accordingly, ENA respectfully submits that the interests of justice would most clearly be served by a transfer of this case to the Northern District of California, for consolidation with the declaratory judgment action between ENA and Bio-Rad in that jurisdiction.

**III.  Conclusion**

As noted, the only sales of allegedly infringing products in the Eastern District of Texas to date may have been purchased by plaintiff Bio-Rad through independent distributors in an effort to engineer jurisdiction in this district, and limited discovery will be required in order to determine their involvement in these sales.  In any event, these *de minimus* sales notwithstanding, the venue of the instant case is nevertheless still improperly laid in the Eastern District of Texas, and the interests of justice would most clearly be served by a transfer of this case to the Northern District of California.

Respectfully submitted,

_____
T. John Ward, Jr.
State Bar No. 00794818

Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: jw@jwfirm.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by e-mail via the Eastern District of Texas ECF System to all counsel of record on this the 4th day of September, 2007.

_____
T. John Ward, Jr.